# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| HAMLET GARCIA, JR. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY, et al. | : | NO. 17-5324 ✓ |
| Defendants. | : | |

| | : | |
| HAMLET GARCIA, JR. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF PENNSYLVANIA, | : | NO. 17-5325 |
| Defendants. | : | |

| | : | |
| HAMLET GARCIA, JR. | : | CIVIL ACITON |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTINA A. KING, | : | NO. 17-5326 |
| Defendant. | : | |

## MEMORANDUM

MCHUGH, J.                                                      DECEMBER 8 , 2017

Currently before the Court are three separate complaints filed by plaintiff Hamlet Garcia, Jr. and his motions to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaints because they are frivolous and appear to duplicate prior cases that plaintiff recently filed in this Court.

1

I.  **FACTS AND PROCEDURAL HISTORY**[1]

Plaintiff has initiated five civil actions in this Court in the past four months. In his first case, *Garcia v. County of Bucks*, E.D. Pa. Civ. A. No. 17-3381, plaintiff raised numerous claims—primarily pursuant to 42 U.S.C. § 1983—arising out of his arrests, conviction, probation violation, and incarceration. His claims were based on a series of events beginning with his arrest in December of 2012 for possession of marijuana.

After granting plaintiff leave to proceed *in forma pauperis*, the Court dismissed his initial complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), because plaintiff's claims were either frivolous or failed to state a plausible claim as pled. Among other things, the Court held that plaintiff's public defenders—including Christina King—were not state actors for purposes of § 1983, that plaintiff's challenges to his conviction and probation/parole violations were not cognizable because his conviction and probation/parole violations had not been invalidated, and that plaintiff's claims related to his 2012 arrest and confinement before his arraignment were time-barred. However, as it appeared that plaintiff could state a claim based on the conditions in which he was incarcerated at the Bucks County Jail in December of 2016, plaintiff was given leave to file an amended complaint.

Plaintiff filed an amended complaint challenging the conditions at the Bucks County Jail and naming his public defender Christina King as one of many defendants, but four days later filed a second amended complaint. After reminding plaintiff that his public defender is not a state actor for purposes of § 1983, the Court dismissed the second amended complaint as legally frivolous because it challenged plaintiff's conviction on the basis of plaintiff's alleged "secured

---

[1] The following facts are taken from the complaints and public dockets from other cases filed by plaintiff.

2

party citizen status" and/or other baseless legal theories. However, plaintiff was given leave to file a third amended complaint based on the conditions in which he was confined at the Bucks County Jail in December of 2016.

Plaintiff filed a third amended complaint in Civil Action Number 17-3381 that again named Christina King as one of several defendants. After dismissing plaintiff's claims against Ms. King and his claims challenging his conviction and the prosecution leading to that conviction, the Court directed service of plaintiff's third amended complaint so that he could proceed on claims arising out of his December 2016 incarceration at the Bucks County Jail.

Shortly before plaintiff filed his third amended complaint in Civil Action Number 17-3381, plaintiff initiated a new civil action against Temple University, two campus security officers—Kevin Myslinski and Cataldi Brooke—and other defendants arising from an April 16, 2017 arrest and weapons charge that was filed against plaintiff but subsequently withdrawn. *See Garcia v. Temple University*, E.D. Pa. Civ. A. No. 17-4987. After granting plaintiff leave to proceed *in forma pauperis*, the Court directed service of his complaint.

Plaintiff returned to the Court to file three new civil actions, which are currently pending before the Court. All of the complaints in those cases are styled as though plaintiff is acting as a prosecutor. The complaints are all marked with a red fingerprint and bear the title "I, require: a 'court of record' : 'trial by jury';" followed by "claim: trespass [forgery]." Civil Action Number 17-5324 is filed against Temple University, Cataldi Brooke, and Kevin Myslinski, and purports to be based on a "trespass" that began on April 16, 2017. Civil Action Number 17-5325 is filed against the "State of Pennsylvania" based on a "trespass" that began on December 3, 2012. Civil Action Number 17-5326 is filed against Christina A. King, based on a purported "trespass" that

began on December 21, 2016. Plaintiff seeks leave to proceed *in forma pauperis* in all three cases and requests damages.

## II. STANDARD OF REVIEW

Plaintiff's motions to proceed *in forma pauperis* are granted because it appears that plaintiff is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss his complaints if they are frivolous or malicious. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

## III. DISCUSSION

The Court will dismiss plaintiff's complaints in Civil Actions 17-5324, 17-5325, and 17-5326 as frivolous and malicious. The complaints are not predicated on any legitimate legal theory and appear to replicate claims that are already pending before the Court. As explained above, plaintiff is proceeding on any legitimate claims he may have against the defendants named in these actions based on the conditions in which he was incarcerated at the Bucks County Jail in December of 2016, and his arrest and prosecution in April of 2017. The Court has

repeatedly informed plaintiff that he lacks a legitimate basis for a § 1983 claim stemming from his conviction or based on the conduct of his public defenders. Furthermore, as previously explained to plaintiff, any claims based on legal theories related to his alleged secured party status or sovereign citizen status are entirely frivolous. *See Garcia v. Cty. of Bucks*, No. CV 17-3381, 2017 WL 4844293, at *2 (E.D. Pa. Oct. 26, 2017) (concluding that plaintiff's second amended complaint was legally frivolous because "[t]he gist of [the second amended complaint] is that plaintiff's conviction is invalid—and should be vacated by this Court—because of plaintiff's secured party citizen status and/or because of theories based on admiralty, copyright, or trademark law. Plaintiff's second amended complaint is the epitome of legally frivolous and will be dismissed on that basis."); *Garcia v. Bucks Cty. Justice Ctr.*, No. CV 17-3381, 2017 WL 4126349, at *3 (E.D. Pa. Sept. 18, 2017) ("Claims based on Resolution 75, the Sundry Free Moors Act, the Declaration on the Rights of Indigenous Peoples, the Uniform Commercial Code (UCC), other treaties pertaining to Moorish people, and the Zodiac Constitution, are likewise frivolous.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaints in Civil Action Numbers 17-5324, 17-5325, and 17-5326 without prejudice to him proceeding in Civil Action Numbers 17-3381 and 17-4987. Plaintiff will not be given leave to file an amended complaint in the dismissed cases because amendment would be futile. An appropriate order follows, which shall be docketed separately.

**BY THE COURT:**

**GERALD A. MCHUGH, J.**